SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DANIEL J. McQUEEN, Cal. Bar No. 217498
RICHARD B. AZADA, Cal. Bar No. 306030
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
E mail     dmcqueen@sheppardmullin.com
           razada@sheppardmullin.com

Attorneys for Defendant
SOUTHERN CALIFORNIA GAS
COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS C BERREYES, individually and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION);**<br><br>**REQUEST FOR TRANSFER OF VENUE TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>*[Filed concurrently with Declaration of David S. Cameron]*<br><br>Complaint Filed: January 28, 2022<br>Trial Date:     None set |

-1-

1  **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

2  **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL**

3  **OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendant Southern California Gas

5  Company hereby removes the above-entitled action from the Superior Court of the

6  State of California in and for the County of Stanislaus to the United States District

7  Court for the Eastern District of California.  Defendant further requests that the

8  United States District Court for the Eastern District of California transfer venue of

9  this matter to the United States District Court for the Central District of California

10  pursuant to <u>Hatch v. Reliance Ins. Co.</u> (9th Cir. 1985) 758 F.2d 409, 412-414.  The

11  District Court for the Central District of California has subject matter jurisdiction

12  over Plaintiff's lawsuit and is the proper venue.

13      As explained by the Ninth Circuit Court of Appeals in <u>Curtis et al. v. Irwin</u>

14  <u>Industries, Inc.</u>, 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime

15  pay is preempted under § 301 of the Labor Management Relations Act (LMRA),

16  29 U.S.C. § 185, because California overtime law does not apply to an employee

17  working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514,

18  and [Plaintiff] worked under such an agreement."  As made clear in <u>Curtis,</u>

19  "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his

20  claim that [Defendant] violated overtime requirements … is preempted under

21  § 301." <u>Id.</u> at 1155 (internal citation omitted for clarity).

22      In addition, as set forth in California Labor Code section 512, California's

23  statutory meal period obligations do not apply to an employee, such as Plaintiff,

24  who worked under a qualifying collective bargaining agreement with an "electrical

25  corporation, a gas corporation, or a local publicly owned electric utility."  Cal. Lab.

26  Code § 512(f)(4).  Defendant is a gas corporation.  Here, Plaintiff's meal period

27  rights flow solely from the collective bargaining agreement that governed his

28

SMRH:4866-2084-6875.2

employment.  His meal period claim is, therefore, preempted by section 301 of the LMRA.

Accordingly, removal is proper based on these grounds, as set forth more fully below:

## BACKGROUND

1.    Southern California Gas Company is a gas corporation because it owns, controls, operates and/or manages at least one gas plant for compensation within the State of California.  Declaration of David S. Cameron ("Cameron Decl."), ¶ 2.  See Cal. Lab. Code § 512(g) (4); Cal. Pub. Util. Code § 222.

2.    Plaintiff began employment with Defendant on December 27, 2000, as a Meter Reader.  Cameron Decl. at ¶ 3.  Plaintiff then transitioned into the Field Service Assistant position on December 22, 2007.  Id.  Plaintiff was terminated for cause effective February 9, 2021.  Id.

3.    Since at least January 28, 2018 (i.e., four years before this lawsuit was filed) through the end of his employment, Plaintiff was a member of Utility Workers Union of America, Local 132.  Cameron Decl. at ¶ 4.  As a member of this union, the terms and conditions of Plaintiff's work was subject to a collective bargaining agreement.  Id.  This latest version of the collective bargaining agreement which applied to Plaintiff's employment became effective on March 1, 2012, and – due to two extension agreements – remained in effect through September 31, 2021 (almost 8 months after Plaintiff was terminated).  Id.  This collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees.  Id. at Exh. A, e.g. pp. 96-122 (hours), 19, 22, 30-155 (working conditions), and 41-58; 156-164 (wages).

4.    On or about January 28, 2022, Plaintiff filed a proposed class action complaint against Defendants in the Superior Court of the State of California, County of Stanislaus, Case No. CV-22-000343 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

-3-

5.      The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant, on behalf of a proposed class of "all persons who are or were employed by [Defendant] as hourly paid, non-exempt workers in the State of California at any time from [January 28, 2018] through resolution or trial of the matter."  (Exhibit B, ¶ 53.)  Specifically, Plaintiff brings claims for:  (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages owed upon separation from employment; (7) failure to reimburse necessary expenses; (8) failure to pay reporting time wages; (9) knowing and intentional failure to comply with itemized wage statement provisions; and (10) violation of the Unfair Competition Law.

6.      On March 31, 2022, Defendant was served with Plaintiff's Complaint. A true and correct copy of the Proof of Service on Defendant is attached hereto as **Exhibit C**.

7.      Defendant will file its answer to Plaintiff's complaint concurrently with this Notice of Removal and Request for Transfer of Venue.  Pursuant to Defendant's affirmative defenses, Defendants contend Plaintiff's overtime and meal period claims are preempted by the Labor Management Relations Act, and that venue is not proper in the Stanislaus County Superior Court.  A true and correct copy of the Answer is attached hereto as **Exhibit D**.

8.      On April 10, 2022, prior to Defendant's decision to remove this case, Plaintiff's attorneys agreed in principle to transfer venue of this action from Stanislaus County to San Bernardino County, California, which is in the United States District Court for the Central District of California.  A true and correct copy of email correspondence from Plaintiff's counsel stating their agreement to transfer venue is attached hereto as **Exhibit E**.

-4-

**TIMELINESS OF REMOVAL**

9.      This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

**LMRA PREEMPTION UNDER 29 U.S.C. § 185**

10.      Plaintiff's overtime and meal period claims are completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a).  See Curtis, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.  In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

11.      As his second cause of action, Plaintiff alleges Defendant failed to pay overtime wages by "[having] a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay"; "[failing] to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek"; and "[failing] to incorporate all forms of compensation, including without limitation bonuses, gift cards, differentials, and incentives, into the regular rate for overtime purposes … these bonuses (in the form of gift cards) were not factored into the regular rate of pay as required by law."  (Exhibit B, Complaint at ¶¶ 76-80.)

12.      As his third cause of action, Plaintiff alleges Defendant failed to provide meal periods on these bases:

a) "[Defendant] failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift";

b) "As a consequence of [Defendant]'s policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts";

c) "Class Members were required to carry work-related iPhones or other communications devices during meal and rest periods, and were required to remain available. Meal and rest periods were frequently interrupted as a consequence.

d) "Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided."; and

e) "[a]s a matter of policy and practice, upon information and belief, the Class members were also not provided second meal periods on days when shifts exceeded ten hours (and twelve hours), nor were they provided premium wages in lieu of a second meal period. On information and belief, Plaintiff and the Class Members did not waive their rights to a second meal period on shifts in excess of ten hours." (Exhibit B, Complaint at ¶¶ 86-90.)

13. Pursuant to California Labor Code sections 512(e)-(f) and 514, Curtis, and 29 U.S.C. §185, Plaintiff's overtime and meal period claims are controlled by the collective bargaining agreement that was in effect during the proposed class period. Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted. See, generally, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting

-6-

commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Accordingly, this Court has original jurisdiction over the overtime and meal period claims in this action.

## SUPPLEMENTAL JURISDICTION

14.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for alleged failure to pay overtime and failure to provide meal periods, which are preempted pursuant to 29 U.S.C. § 185, and generally matters that are in the scope of the Collective Bargaining Agreement.  See, e.g., Exhibit B, Complaint at ¶¶ 59, 66, 68, 105, 111, 131, 133, 135, 139, 141, and 143).  Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution.  As such, supplemental jurisdiction is appropriate.

## VENUE

15.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b).  Defendant's principal place of business is located in Los Angeles County, California and it does not conduct any operations in Stanislaus County.  Defendant does, however, conduct business in San Bernardino County, California.  Moreover, Plaintiff worked only at Defendant' San Bernardino County location (see Complaint, ¶¶ 25 and 27).  Accordingly, Defendant does not reside in or maintain a principal place of business in Stanislaus County.  This action originally was brought in the Superior Court of the State of California, County of Stanislaus.

16.     Though Defendant may only remove to the district court of the United States for the district and division embracing the place where an action is actually pending (e.g., the Eastern District of California) pursuant to 28 U.S. Code § 1441(a),

SMRH:4866-2084-6875.2

the Ninth Circuit in Hatch approved of removal and immediate/concurrent transfer of venue to the proper district:  "[defendants] further sought removal of the … Galveston County, Texas action to federal district court for the Southern District of Texas.  [Plaintiffs] opposed removal and sought remand.  The Texas district court upheld the removal and further ordered the case transferred, pursuant to 28 U.S.C. § 1404(a), to the district court in Arizona ….  Transfer to that district pursuant to section 1404(a) was proper."  Hatch, supra, 758 F.2d at 412-414.

### **NOTICE OF REMOVAL**

17.     This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Stanislaus.

18.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendants are attached hereto as the following exhibits, including:  the operative Collective Bargaining Agreement (Exhibit A), the Complaint, summons, and civil case cover sheet, and the order assigning the action to the Honorable John R. Mayne (Exhibit B), the Proof of Service of Summons to Defendant (Exhibit C), and Defendants' Answer to the Complaint (Exhibit D).

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Stanislaus be removed to the United States District Court for the Eastern District of California, and concurrently transferred to the United States District Court for the Central District of California.

1  Dated:  April 19, 2022

2          SHEPPARD, MULLIN, RICHTER &
3          HAMPTON LLP

4

5          By  _____

6                  DANIEL J. McQUEEN
                   RICHARD B. AZADA
7

8                  Attorneys for Defendant
            SOUTHERN CALIFORNIA GAS
9                     COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4866-2084-6875.2

NOTICE OF REMOVAL AND REQUEST FOR
TRANSFER OF VENUE TO CENTRAL DISTRICT

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHERN CALIFORNIA GAS COMPANY, a California
Corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOUIS C BERREYES, individually and on behalf of himself and all
others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically Filed |
| 1/28/2022 2:21 PM |
| Superior Court of California |
| County of Stanislaus |
| Clerk of the Court |
| By: Maleia Juan, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Stanislaus County Superior Court | CASE NUMBER: *(Número del Caso):* CV-22-000343 |
| *(El nombre y dirección de la corte es):* | |
| ~~800 11th Street~~  801 10TH STREET | |
| Stanislaus, California 95345 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine California 92618; (949) 387-7200

| | | |
|---|---|---|
| DATE: 1/28/2022 2:21 PM | Clerk, by _signature_ | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |
| | | Maleia Juan |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Southern California Gas Company

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James Hawkins, SBN 192925
Christina M. Lucio, SBN 253677
JAMES HAWKINS APLC
9880 Research Dr., Suite 200 Irvine, CA 92618
TELEPHONE NO.: (949)387-7200   FAX NO.: (949) 387-6676
ATTORNEY FOR *(Name):* Louis C Berreyes

**FOR COURT USE ONLY**

Electronically Filed
1/28/2022 2:21 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Maleia Juan, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 800 11th St.
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME: Stanislaus Superior Court

**CASE NAME:**
Berreyes v. Southern California Gas Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV-22-000343 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)    ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 10
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 28, 2022

Christina M. Lucio, Esq.
*(TYPE OR PRINT NAME)*                                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

1 | James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)

2 | **JAMES HAWKINS APLC**
9880 Research Drive, Suite 200

3 | Irvine, California 92618
Telephone: (949) 387-7200

4 | Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com

5 | Christina@Jameshawkinsaplc.com

6 | Attorneys for Plaintiff LOUIS C BERREYES,
on behalf of himself and all others similarly situated

Electronically Filed
1/28/2022 2:21 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Maleia Juan, Deputy

$435 PAID

$1000 COMPLEX FEES PAID

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF STANISLAUS**

| | |
|---|---|
| LOUIS C BERREYES, individually and on behalf of himself and all others similarly situated, | Case No. CV-22-000343 |
| | **COMPLAINT** |
| Plaintiff, | *Assigned for All Purposes To:*<br>Hon.<br>Dept.: |
| v. | |
| SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation, and DOES 1-50, inclusive, | **COMPLAINT FOR DAMAGES FOR:** |
| Defendants. | 1) **Failure to Pay Minimum Wages;** |
| | 2) **Failure to Pay Overtime Owed;** |
| | 3) **Failure to Provide Lawful Meal Periods;** |
| | 4) **Failure To Authorize And Permit Rest Periods;** |
| | 5) **Failure to Timely Pay Wages During Employment** |
| | 6) **Failure to Timely Pay Wages Owed Upon Separation From Employment;** |
| | 7) **Failure to Reimburse Necessary Expenses;** |
| | 8) **Failure to Pay Reporting Time Wages;** |
| | 9) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;** |
| | 10) **Violation of the Unfair Competition Law;** |
| | **DEMAND FOR JURY TRIAL** |

Mayne, John R

This case has been assigned to judge _____.
Dept. 21
Department _____ for all purposes including Trial.

1    COMES NOW, Plaintiff LOUIS C BERREYES ("Plaintiff"), individually and on behalf of

2  others similarly situated, and asserts claims against defendants SOUTHERN CALIFORNIA GAS

3  COMPANY, a California Corporation; and DOES 1-50, inclusive (collectively "Defendants" or

4  "Southern Gas") as follows:

5                                          **INTRODUCTION**

6    1.    This is a Class Action, pursuant to California Code of Civil Procedure section 382,

7  on behalf of Plaintiff and any and all persons who are or were employed by Defendants, either

8  directly or indirectly, in the State of California at any time from four years prior to the filing of this

9  Complaint (as tolled by Emergency Rule 9) through resolution or trial of the matter. ("Class

10  Members" or "Non-Exempt Employees".)

11    2.    Defendants implemented uniform policies and practices that deprived Plaintiff and

12  Class Members of earned wages, including minimum wages; straight time wages; overtime wages;

13  premium wages; reporting time wages; lawful meal and/or rest breaks; reimbursement for necessary

14  expenses; and timely payment of wages.

15    3.    Such actions and policies, as described above and further herein, were and continue

16  to be in violation of the California Labor Code.  Plaintiff, on behalf of himself and all Class

17  Members, bring this action pursuant to the California Labor Code, including sections 201, 202,

18  203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194,

19  1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders 1-2001 and 4-2001 and

20  California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal

21  and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and

22  reasonable attorneys' fees and costs.

23    4.    Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and

24  Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to

25  pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages.

26

27

28

1  **JURISDICTION AND VENUE**

2      5.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated

3  employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary

4  damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the

5  California Superior Court and will be established according to proof at trial.

6      6.      This Court has jurisdiction over this action pursuant to the California Constitution

7  Article VI §10, which grants the California Superior Court original jurisdiction in all causes except

8  those given by statute to other courts. The statutes under which this action is brought do not give

9  jurisdiction to any other court.

10     7.      This Court has jurisdiction over this Action pursuant to California Code of Civil

11 Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

12     8.      This Court has jurisdiction over Defendants because, upon information and belief,

13 each Defendant is either a resident of California, has sufficient minimum contacts in California, or

14 otherwise intentionally avails itself of the California market so as to render the exercise of

15 jurisdiction over them by the California Courts consistent with traditional notions of fair play and

16 substantial justice. Defendants have done and are doing business throughout California and

17 Stanislaus County.

18     9.      The unlawful acts alleged herein have a direct effect on Plaintiff and the other

19 similarly situated Non-Exempt Employees within Stanislaus County and it is believed that

20 Defendants have employed hundreds of Class Members as Non-Exempt Employees in Stanislaus

21 County.

22     10.     The California Superior Court also has jurisdiction in this matter because the

23 individual claims of the Class Members described herein are presently believed to be under the

24 seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the

25 aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including

26 attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be

27 under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.

28 Further, there is no federal question at issue, as the issues herein are based solely on California

- 2 -
COMPLAINT

1 | statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil
2 | Procedure, the California Civil Code, and the California Business and Professions Code.

3 |     11.    Venue is proper in this Court because one or more of the Defendants reside, transact
4 | business, or have offices in this County, Plaintiff is a resident of this County, and the acts or
5 | omissions alleged herein took place in this County.

6 | **PARTIES**

7 |     12.    Defendant Southern California Gas is a California Corporation, doing business in
8 | the state of California. It is based at 555 West 5th Street, Los Angeles, CA 90013.

9 |     13.    Upon information and belief, Southern Gas employs Non-Exempt Employees, like
10 | Plaintiff, throughout the State of California.

11 |     14.    Plaintiff Louis C Berreyes is and during the liability period has been, a resident of
12 | California.

13 |     15.    Plaintiff was employed in an hourly, non-exempt position by Defendants during the
14 | relevant time period.

15 |     16.    Plaintiff and the members of the putative class were employed as hourly paid
16 | employees by employed by Defendants in the State of California at any time from four years prior
17 | to the filing of this Complaint (as tolled by Emergency Rule 9).

18 |     17.    Whenever in this complaint reference is made to any act, deed, or conduct of
19 | Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through
20 | one or more of Defendants' officers, directors, agents, employees, or representatives, who was
21 | actively engaged in the management, direction, control, or transaction of the ordinary business and
22 | affairs of Defendants.

23 |     18.    The true names and capacities of Defendants, whether individual, corporate,
24 | associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to
25 | Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §
26 | 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and
27 | capacities of the Defendants designated hereinafter as DOES when such identities become known.
28 |     19.    Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are

1   the partners, agents, or principals and co-conspirators of Defendants and of each other; that
2   Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided
3   and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits
4   of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the
5   liability of the Defendants as alleged herein.

6   20.    Plaintiff is further informed and believes, and thereon allege, that at all times
7   material herein, each Defendant was completely dominated and controlled by its co-Defendants
8   and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint
9   to any conduct by Defendant or Defendants, such allegations and references shall also be deemed
10  to mean the conduct of each of the Defendants, acting individually, jointly, and severally.
11  Whenever and wherever reference is made to individuals who are not named as Defendants in this
12  complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times
13  acted on behalf of Defendants named in this complaint within the scope of their respective
14  employments.

15  **FACTUAL ALLEGATIONS**

16  21.    During the relevant time frame, Defendants compensated Plaintiff and the Non-
17  Exempt Employees based upon an hourly wage.

18  22.    Plaintiff and the Class Members were, and at all times pertinent hereto, have been
19  non-exempt employees within the meaning of the California Labor Code, and the implementing
20  rules and regulations of the IWC California Wage Orders.  They are subject to the protections of
21  the IWC Wage Orders and the Labor Code.

22  23.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were
23  advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the
24  requirements of California's wage and employment laws.

25  24.    All Class Members are similarly situated in that they are all subject to Defendants'
26  uniform policies and systemic practices as specified herein.

27  25.    During the relevant time, Plaintiff was employed by Defendants in an hourly, non-
28  exempt position.  He worked as a Meter Reader and later as a Field Service Assistance at

- 4 -

COMPLAINT

1 | Defendants' San Bernardino job site approximately 5 days per week, 40+ hours per week.

2 |     26.    Before the COVID-19 pandemic, Plaintiff typically worked 7:30 a.m. to 4:00 p.m.
3 | five days per week (usually Monday through Friday) as a Meter Reader and later as a Field Service
4 | Assistant. During the pandemic, Plaintiff typically worked 7:00 a.m. to 3:30 p.m. five days a week
5 | (usually Monday through Friday) as a Field Service Assistant.

6 |     27.    Before and during the pandemic, Plaintiff worked at Defendant's San Bernardino
7 | job site located at 155 S. G St. in the City of San Bernardino.

8 |     28.    Plaintiff and the Class Members were not paid for all hours worked because
9 | employees were frequently required to work off the clock pre-shift and post-shift, and during
10 | purported meal and rest periods.

11 |     29.    Prior to beginning his shift and at the end of his shift, Plaintiff was required as a
12 | matter of Defendants' policy to don and doff certain personal protective equipment, including work
13 | uniform, boots, gloves, eye protection, and kneeling pads. Upon information and belief, the Class
14 | Members were similarly required to don and doff such equipment. Plaintiff and, upon information
15 | and belief, the Class Members were not compensated for such time spent donning and doffing such
16 | equipment (which constitutes as hours worked), including overtime wages owed.

17 |     30.    In addition, Plaintiff and the Class Members were required to perform pre-shift and
18 | post-shift activities including, without limitation, booting up equipment, answering Covid-related
19 | screening questions, performing equipment and security checks, obtaining and loading necessary
20 | equipment, supplies and parts, and attending briefings. Such hours were worked off the clock and
21 | were unpaid.

22 |     31.    Further, meal periods and rest periods were frequently interrupted by Defendants to
23 | require Plaintiff and, upon information and belief, Class Members to respond to work-related calls
24 | or to complete work-related tasks during purported breaks.

25 |     32.    . Plaintiff and the Class Members would often have to use their cellular phones
26 | and other communication devices off the clock to perform work-related duties and respond to
27 | work calls.

28 |     33.    In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in

1  day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate
2  of time and one-half the employee's regular rate of pay per hour.  In addition, Defendants had a
3  policy of rounding the hours worked by Plaintiff and the Class Members.  Such rounding was
4  unlawful as it was performed to the detriment of the Class.  These policies and practices deprived
5  Plaintiffs and Class Members of overtime wages earned and are therefore unlawful

6      34.    Upon information and belief, Defendants failed to incorporate all forms of non-
7  discretionary compensation into the regular rate, including differentials, bonuses, gift cards, and
8  incentives.  Defendants had a policy and practice of paying a bonus to Plaintiff and the other
9  members of the Class, yet did not incorporate this wage into the regular rate when calculating
10 overtime.

11     35.    Plaintiff and the Class Members were regularly required to work shifts in excess of
12 five hours without being provided a lawful meal period and, on occasion, over ten hours in a day
13 without being provided a second lawful meal period as required by law.

14     36.    Indeed, during the relevant time, as a consequence of Defendants' scheduling
15 practices, work demands, and Defendants' policies and practices, Defendants frequently failed to
16 provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal
17 periods as required by law.  Not only were Plaintiff's and the Class Members' first meal breaks
18 frequently not provided, untimely or short, but also Plaintiff and the Class Members were not
19 provided a second meal period when working shifts in excess of 10 hours and in excess of 12
20 hours.

21     37.    On information and belief, Plaintiff and Class Members did not waive their rights
22 to a second meal period.

23     38.    Despite the above-mentioned meal period violations, Defendants failed to
24 compensate Plaintiff, and on information and belief, failed to compensate Class Members, one
25 additional hour of pay at their regular rate as required by California law when meal periods were
26 not timely or lawfully provided in a compliant manner.

27     39.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,
28 should know, knew, and/or should have known that Plaintiff and the other Class Members were

1  entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving
2  accurately calculated compensation.

3      40.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt
4  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
5  period for every four hours worked or major fraction thereof, which is a violation of the Labor
6  Code and IWC wage order.

7      41.    Defendants maintained and enforced scheduling practices, policies, and imposed
8  work demands that frequently required Plaintiff and Class Members to forego their lawful, paid
9  rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such
10  requisite rest periods were not timely authorized and permitted.

11      42.    Despite the above-mentioned rest period violations, Defendants did not
12  compensate Plaintiff, and on information and belief, did not pay Class Members one additional
13  hour of pay at their regular rate as required by California law, including Labor Code section 226.7
14  and the applicable IWC wage order, for each day on which lawful rest periods were not
15  authorized and permitted.

16      43.    In addition, Plaintiff and the Class Members were required to carry work-related
17  iPhones or other communications devices during meal and rest periods, and were required to
18  remain available.  Meal and rest periods were frequently interrupted as a consequence.

19      44.    Moreover, Plaintiff and the Class Members were required to incur necessary
20  expenses in the discharge of their duties, including for cellular phone expenses, but were not
21  reimbursed for such costs.

22      45.    Defendants also failed to provide accurate, lawful itemized wage statements to
23  Plaintiff and the Class Members in part because of the above specified violations.

24      46.    Defendants have also made it difficult to determine applicable rates of pay and
25  account with precision for the unlawfully withheld wages and deductions due to be paid to Non-
26  Exempt Employees, including Plaintiff, during the liability period because they did not
27  implement and preserve a lawful record-keeping method to record all hours worked, and non-
28  provided rest and meal periods owed to employees as required for non-exempt employees by 29

1  U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage

2  Orders.

3       47.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

4  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours

5  thereof for resignations without prior notice as the case may be) they had a duty to accurately

6  compensate Plaintiffs and Class Members for all wages owed including straight time, overtime,

7  meal and rest period premiums, and that Defendants had the financial ability to pay such

8  compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part

9  because of the above-specified violations.

10      48.    Defendants also failed to pay reporting time wages as required by law. In particular,

11  Plaintiff and the Class Members reported to work at Defendants' direction, and then were sent

12  home—all without proper compensation.

13      49.    On occasion, Plaintiff and, upon information and belief, the Class Members

14  reported to work as required by Defendants but were not put to work or were furnished with less

15  than half of the usual or scheduled work day.

16      50.    Plaintiff and the Class Members are covered by applicable California IWC Wage

17  Orders and corresponding applicable provisions of the California Code of Regulations, Title 8,

18  section 11000 *et seq.*

19                    **CLASS ACTION ALLEGATIONS**

20      51.    Plaintiff brings this action on his own behalf, as well as on behalf of each and every

21  other person similarly situated, and thus, seeks class certification under California Code of Civil

22  Procedure §382.

23      52.    All claims alleged herein arise under California law for which Plaintiff seeks relief

24  as authorized by California law.

25      53.    The proposed class is comprised of and defined as: **all persons who are or were**

26  **employed by the Defendants as hourly paid, non-exempt workers in the State of California**

27  **at any time from four years prior to the filing of this action[1] through resolution or trial of the**

28  ―――――――――――――
[1] As properly tolled by California Rule of Court App I. R.R. Emergency Rule 9

1   **matter.**   (hereinafter collectively referred to as the "Class" or "Class Members").

2       54.    Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which

3   are composed of Class Members satisfying the following definitions:

4       a.    All Class Members who were not paid at least minimum wage for all hours

5   worked (collectively **"Minimum Wage Subclass"**);

6       b.    All Class Members who were required to respond to perform work off the

7   clock (collectively **"OTC Subclass"**);

8       c.    All Class Members who were not accurately paid overtime for hours worked

9   over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

10       d.    All Class Members who worked more than five (5) hours in a workday and

11   were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and

12   were not paid compensation of one hour premium wages at the employee's regular rate in lieu

13   thereof (hereinafter collectively referred to as the **"First Meal Period Subclass"**);

14       e.    All Class Members who worked more than ten hours in a workday and were

15   not provided with a timely, uninterrupted lawful second meal period of thirty (30) minutes, and

16   were not paid compensation of one hour premium wages at the employee's regular rate in lieu

17   thereof (hereinafter collectively referred to as the **"Second Meal Period Subclass"**);

18       f.    All Class Members who worked more than three and a half hours in a

19   workday and were not authorized and permitted to take a net 10-minute rest period for every four

20   (4) hours or major fraction thereof worked per day and were not paid compensation of one hour

21   premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to

22   as the "**Rest Period Subclass"**);

23       g.    All Class Members who were not reimbursed for all necessary expenditures

24   (collectively "**Indemnification Subclass"**);

25       h.    All Class Members who did not receive all owed wages at time of separation

26   or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting**

27   **Time Subclass"**);

28       i.    All Class Members who did not received reporting time pay (hereinafter

1  collectively referred to as the "**Reporting Time Subclass**");

2          j.      All Class Members who were not provided with accurate and complete
3  itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement**
4  **Subclass**");

5          k.      All Class Members who were employed by Defendants and subject to
6  Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business**
7  **Practices Subclass**").

8          55.     Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend
9  or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate,
10  or if it should be deemed necessary by the Court or to further divide the Class Members into
11  additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the
12  Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

13         56.     As set forth in further detail below, this action has been brought and may properly
14  be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure
15  because there is a well-defined community of interest in the litigation, and the proposed Class and
16  Subclasses are easily ascertainable through Defendants' records.

17         a.      Numerosity:  The members of the Class and Subclasses are so numerous that
18  joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The
19  membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the
20  Class is estimated to be hundreds of individuals.  Accounting for employee turnover during the
21  relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants'
22  employment records would provide information as to the number and location of all Class
23  Members.  Joinder of all members of the proposed Class is not practicable.

24         b.      The proposed class is easily ascertainable. The number and identity of the
25  class members are determinable from Defendants' payroll records and time records for each class
26  member.

27

28

c.    Commonality:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

1.  Whether Defendants accurately paid Class Members for all hours worked;

2.  Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

3.  Whether Defendants were required to compensate Class Members for boot up time, donning and doffing, answering Covid-19 questions, picking up supplies and equipment, and security checks off the clock;

4.  Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

5.  Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

6.  Whether Defendants had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

7.  Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful, timely 30-minute uninterrupted meal period was not provided;

8.  Whether Defendants failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

9.  Whether Defendants required employees to remain on the premises during rest periods;

10. Whether Defendants had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

11. Whether Defendants failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

12. Whether Defendants failed to reimburse employees for necessary expenses in accordance with Labor Code section 2802;

13. Whether Defendants failed to pay reporting time wages in accordance with Labor Code 1194, 1197, 1198, and IWC Wage Order 5-2001;

14. Whether Defendants omitted required information from itemized wage statements;

15. Whether Defendants failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

16. Whether Defendants engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

17. Whether Defendants' conduct was willful and/or reckless;

18. Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

19. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d.    Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to timely pay wages at termination, failure to pay minimum wages, rounding practices, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the

1  Class and/or Subclasses similarly. Further, Defendants benefited from the same type of unfair
2  and/or wrongful acts as to each member of the Class and/or Subclasses.

3          e.      Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the
4  interests of each member of the Class and/or Subclasses with whom he has a well-defined
5  community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that
6  he has an obligation to make known to the Court any relationships, conflicts, or differences with
7  any member of the Class and/or Subclasses, and no such relationships or conflicts are currently
8  known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are
9  versed in the rules governing class action discovery, certification, litigation, and settlement and
10 experienced in handling such matters. Other former and current employees of Defendants may also
11 serve as representatives of the Class and Subclasses if needed.

12         f.      Superiority: The nature of this action makes the use of class action
13 adjudication superior to other methods. A class action will achieve economies of time, effort,
14 judicial resources, and expense, which would not be achieved with separate lawsuits. The
15 prosecution of separate actions by individual members of the Class and/or Subclasses would create
16 a risk of inconsistent and/or varying adjudications with respect to the individual members of the
17 Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and
18 resulting in the impairment of the rights of the members of the Class and/or Subclasses and the
19 disposition of their interests through actions to which they were not parties. Thus, a class action is
20 superior to other available means for the fair and efficient adjudication of this controversy because
21 individual joinder of all Class Members is not practicable, and questions of law and fact common
22 to the Class predominate over any questions affecting only individual Class Members. Each
23 member of the Class has been damaged and is entitled to recovery by reason of Defendants'
24 unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.
25 Class action treatment will allow those similarly situated persons to litigate their claims in the
26 manner that is most efficient and economical for both parties and the judicial system. Plaintiff is
27 unaware of any difficulties that are likely to be encountered in the management of this action that
28 would preclude its maintenance as a class action.

g.     Public Policy Considerations:  Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage.  Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiff and the Class Against Defendants)

57.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

58.     Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

59.     Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

60.     Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

61.     Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC

1  Wage Order(s).

2      62.    The applicable wage orders and California Labor Code sections 1197 and 1182.12
3  establish the right of employees to be paid minimum wages for all hours worked, in amounts set by
4  state law.

5      63.    Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not
6  been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid
7  balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount
8  equal to the unpaid wages and interest accrued thereon.

9      64.    During all relevant periods, the California Labor Code and wage orders required that
10  Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all
11  hours worked.

12      65.    The IWC Wage Orders define "hours worked" as "the time during which an
13  employee is subject to the control of an employer, and includes all the time the employee is suffered
14  or permitted to work, whether or not required to do so."

15      66.    At all times relevant, Plaintiff and Class Members consistently worked hours for
16  which they were not paid because Defendants frequently required Plaintiff and the Class Members
17  to work off the clock pre-shift and post-shift, and during purported meal periods.

18      67.    During the liability period, Plaintiff and, upon information and belief, the Class
19  Members were required to don and doff certain personal protective equipment at the beginning and
20  end of each work period. However, such time was not compensated and thus is off the clock work.

21      68.    In addition, Plaintiff and the Class Members were required to perform certain pre-
22  shift and post-shift activities, and activities during purported meal periods.  Such time was not
23  compensated.

24      69.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the
25  Class Members were working off the clock and that they should have been paid for this time.

26      70.    In addition, Defendants failed to pay at least minimum wage for all hours worked
27  because, upon information and belief, Defendants rounded hours worked against Plaintiff and the
28  Class Members' interests.

71.    Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable wage order 1-2001 and 4-2001.

72.    Due to Defendants' violations of the California Labor Code and wage orders, Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME OWED

### (By Plaintiff and the Class Against All Defendants)

73.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

74.    During all relevant periods, Defendant required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

75.    During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent wage order 1-2001 and 4-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

76.    During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.  Upon information and belief, Defendants also failed to properly compensate

1  Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or
2  eight (8) hours on the seventh (7th) day of a workweek.

3       77.    The IWC Wage Orders define "hours worked" as "the time during which an
4  employee is subject to the control of an employer, and includes all the time the employee is suffered
5  or permitted to work, whether or not required to do so."

6       78.    At all times relevant, Plaintiff and Class Members consistently worked hours for
7  which they were not paid because Plaintiff and the Class Members were required to work off the
8  clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40)
9  hours in a workweek and should have been paid at the overtime rate.

10      79.    Plaintiff is informed and believes that Defendants were aware that Plaintiff and the
11 Class Members were working off the clock and that they should have been paid for this time.

12      80.    In addition, upon information and belief, Defendants failed to incorporate all forms
13 of compensation, including without limitation bonuses, gift cards, differentials, and incentives, into
14 the regular rate for overtime purposes. On information and belief, these bonuses (in the form of gift
15 cards) were not factored into the regular rate of pay as required by law. Thus, Plaintiff and the Class
16 Members were not compensated for overtime worked at the legally required regular rate.

17      81.    As a result, Defendants failed to pay Plaintiff and the Class members earned
18 overtime wages and such employees suffered damages as a result.

19      82.    Defendants knew or should have known Plaintiffs and the Class Members were
20 undercompensated as a result of these practices.

21      83.    Due to Defendant's violations of the California Labor Code, Plaintiff and the Class
22 members are entitled to recover from Defendants their unpaid overtime wages, reasonable
23 attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory
24 penalties, and liquidated damages.

25                              **THIRD CAUSE OF ACTION**
26                       **FAILURE TO PROVIDE LAWFUL MEAL PERIODS**
27              **(By Plaintiff and the Meal Period Subclasses Against All Defendants)**
28      84.    Plaintiff incorporates by reference and realleges each and every allegation contained

1    above, as though fully set forth herein.

2        85.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work

3    period of more than five (5) hours without providing a meal break of not less than thirty (30)

4    minutes in which the employee is relieved of all of his or her duties, except that when a work period

5    of not more than six (6) hours will complete the day's work the meal period may be waived by

6    mutual consent of the employer and employee.

7        86.    For the four (4) years preceding the filing of this lawsuit as properly tolled by

8    Emergency Rule 9, Defendants failed to provide Plaintiff and Class Members timely and

9    uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a

10    shift.

11        87.    As a consequence of Defendants' policies and practices, requirements, demands,

12    coverage and staffing, Plaintiff and the Class Members were often required to forego such meal

13    periods, take shortened meal periods, and/or commence their meal periods into and beyond the

14    sixth hour of their shifts.

15        88.    In addition, Plaintiff and, upon information and belief, the Class Members were

16    required to carry work-related iPhones or other communications devices during meal and rest

17    periods, and were required to remain available.  Meal and rest periods were frequently interrupted

18    as a consequence.

19        89.    Upon information and belief, Plaintiff and the Class Members were not paid one

20    hour of pay at their regular rate for each day that a meal period was not lawfully provided.

21        90.    Moreover, as a matter of policy and practice, upon information and belief, the Class

22    members were also not provided second meal periods on days when shifts exceeded ten hours (and

23    twelve hours), nor were they provided premium wages in lieu of a second meal period.    On

24    information and belief, Plaintiff and the Class Members did not waive their rights to a second meal

25    period on shifts in excess of ten hours.

26        91.    As a proximate result of the aforementioned violations, Plaintiff and the Class

27    Members have been damaged in an amount according to proof at time of trial.

28        92.    Pursuant to Labor Code § 226.7, Plaintiff and Class Members are entitled to recover

- 18 -

COMPLAINT

1  one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also

2  entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

3       93.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

4  represent have been deprived of premium wages in amounts to be determined at trial, and are

5  entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

6  under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code

7  section 3287.

8                          **FOURTH CAUSE OF ACTION**

9            **FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

10        **(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

11       94.     Plaintiff incorporates by reference and realleges each and every allegation contained

12  above, as though fully set forth herein.

13       95.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

14  employment by Defendants, "Every employer shall authorize and permit all employees to take rest

15  periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized

16  rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net

17  rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall

18  be counted as hours worked, for which there shall be no deduction from wages."

19       96.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work

20  during any rest period mandated by an applicable order of the IWC.

21       97.     Defendants were required to authorize and permit employees such as Plaintiff and

22  Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours

23  worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof,

24  with no deduction from wages.

25       98.     Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class

26  Member's employment with Defendants, Defendants failed and refused to authorize and permit

27  Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours

28  worked, or major fraction thereof.  Such rest breaks, when provided, were frequently untimely or

1  less than net ten minutes because of the work requirements imposed by Defendants, and frequent

2  calls during rest periods.

3     99.     In addition, as detailed above, Plaintiff and the Class Members were required to

4  carry work-related cellular phones or other communications devices during meal and rest periods,

5  and were required to remain available.  Meal and rest periods were frequently interrupted as a

6  consequence.

7     100.    Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay

8  for each day that a rest period violation occurred.  On information and belief, the other members of

9  the Class endured similar violations as a result of Defendants' rest period policies and practices and

10 Defendant did not pay said Class Members premium pay as required by law.

11    101.    By their failure to authorize and permit Plaintiff and the Class Members to take a

12 lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction

13 thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and

14 three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members

15 work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide

16 compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the

17 provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

18    102.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

19 represent have been deprived of premium wages in amounts to be determined at trial, and are

20 entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

21 under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

22

23                          **FIFTH CAUSE OF ACTION**

24        **FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING**

25                              **EMPLOYMENT**

26              **(By Plaintiff and the Class Against All Defendants)**

27    103.    Plaintiff incorporates by reference and realleges each and every allegation contained

28 above, as though fully set forth herein.

1    104.    Labor Code section 204 requires that all wages are due and payable twice in each

2  calendar month.

3    105.    The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became

4  due and payable to each employee in each month that he or she was not provided with a meal period

5  or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

6    106.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due

7  under the Labor Code.

8    107.    Labor Code section 210 (a) provides that "In addition to, and entirely independent

9  and apart from, any other penalty provided in this article, every person who fails to pay the wages

10  of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and

11  1197.5, shall be subject to a penalty as follow:

12    (1) For any initial violation, one hundred dollars ($100) for each failure to pay each

13    employee.

14    (2) For each subsequent violation, or any willful or intentional violation, two hundred

15    dollars ($200) for each failure to pay each employee, plus 25 percent of the amount

16    unlawfully withheld.

17    103.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to

18  represent have been deprived of wages in amounts to be determined at trial, and are entitled to

19  recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to

20  Labor Code § 210, 218.5, 218.6, 510, 1194.

21    **SIXTH CAUSE OF ACTION**

22    **FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

23    **(By Plaintiff and the Waiting Time Subclass Against All Defendants)**

24    108.    Plaintiff incorporates by reference and realleges each and every allegation contained

25  above, as though fully set forth herein.

26    109.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages

27  due within seventy-two (72) hours of separation of employment.

28    110.    Section 203 of the Labor Code provides that if an employer willfully fails to timely

- 21 -

1  pay such wages the employer must, as a penalty, continue to pay the subject employee's wages

2  until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30

3  days of wages.

4      111.  Plaintiff and Class Members are entitled to compensation for all forms of wages

5  earned, including but not limited to minimum wages, overtime, and premium meal and rest period

6  compensation, but to date have not received such compensation, therefore entitling them to Labor

7  Code § 203 penalties.

8      112.  In addition, irrespective of any derivative violation, Defendants failed to timely pay

9  Plaintiff and, upon information and belief, other Class Members earned compensation at the time

10  of termination despite their obligations under Labor Code 201 and 202.

11      113.  More than thirty (30) days have passed since affected Waiting Time Subclass

12  Members have left Defendants' employ, and on information and belief, they have not received

13  payment pursuant to Labor Code § 203.

14      114.  Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages

15  as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

16                  **SEVENTH CAUSE OF ACTION**

17          **FAILURE TO REIMBURSE NECESSARY EXPENSES**

18      **(By Plaintiff and the Indemnification Subclass Against All Defendants)**

19      115.  Plaintiff incorporates by reference and realleges each and every allegation contained

20  above, as though fully set forth herein.

21      116.  Plaintiff repeats and incorporates herein by reference each and every allegation set

22  forth above, as though fully set forth herein.

23      117.  Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

24  for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

25      118.  Plaintiff and the members of the Indemnification Class were required to incur

26  expenses in the performance of their assigned job duties.

27      119.  Upon information and belief, the Defendants did not reimburse Plaintiff or the

28  Plaintiff's subclass for such expenses.

120.    As a result of the unlawful acts of Defendants, Plaintiffs and the Plaintiffs' Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME WAGES**

**By Plaintiff and Reporting Time Subclass Against Defendants**

121.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

122.    Labor Code section 1197 makes it unlawful to pay an employee less than the minimum wage as established by the Industrial Welfare Commission.

123.    Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

124.    The applicable reporting time wages are fixed by the IWC in Wage Order 1-2001 and 4-2001.

125.    In relevant part, Section 5 of the applicable wage order provides:

(A)    Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

126.    Defendants failed to pay reporting time wages.  In particular, Plaintiff and the Class Members were forced to report to work and were furnished with less than half the employee's usual or scheduled day's work.

127.    In fact, on numerous occasions, Plaintiff and Class Members reported to work at Defendants' direction, and then were sent home – without the lawful minimum compensation.

128.    By failure to pay hourly wages for reporting time, Defendants willfully violated Labor Code sections 1194, 1197, 1198, and IWC Wage Orders 1-2001 and 4-2001.

## NINTH CAUSE OF ACTION

## KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### By Plaintiff and Wage Statement Subclass Against Defendants

129.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

130.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the employee....".

131.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

132.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees. On information and belief and based thereon, Defendants have

1  knowingly and intentionally failed to comply with Labor Code section 1174, including by

2  implementing the policies and procedures and committing the violations alleged in the preceding

3  causes of action and herein. Defendants' failure to comply with Labor Code section 1174 is

4  unlawful pursuant to Labor Code section 1175.

5      133.    Defendants have failed to record many of the items delineated in applicable

6  Industrial Wage Orders and Labor Code section 226, and required under Labor Code section

7  1174, including by virtue of the fact that each wage statement which failed to accurately

8  compensate Plaintiff and Class Members for all hours worked and for missed and non-provided

9  meal and rest periods, or which failed to include compensation for all minimum wages earned or

10  overtime hours worked, was an inaccurate wage statement.

11      134.    On information and belief, Defendants failed to implement and preserve a lawful

12  record-keeping method to record all non-provided meal and rest periods owed to employees or all

13  hours worked, as required for Non-Exempt Employees under California Labor Code section 226

14  and applicable California Wage Orders. In order to determine if they had been paid the correct

15  amount and rate for all hours worked, Plaintiff and Class Members have been, would have been,

16  and are compelled to try to discover the required information missing from their wage statements

17  and to perform complex calculations in light of the inaccuracies and incompleteness of the wage

18  statements Defendants provided to them.

19      135.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC

20  Wage Orders, Defendants did not and still do not furnish each of the members of the Wage

21  Statement Class with an accurate itemized statement in writing accurately reflecting all of the

22  required information. Here, Plaintiff asserts the Defendant omitted required information, failed to

23  accurately include all applicable hourly rates on the wage statements and the corresponding

24  number of hours worked at such rates or hours paid at such rates. In addition, Defendants have

25  failed to provide accurate itemized wage statements as a consequence of the above-specified

26  violations for failure to accurately pay all wages owed, accurately record all hours worked, and

27  failure to pay meal and rest period premiums as required by law.

28      136.    Moreover, upon information and belief, as a pattern and practice, in violation of

- 25 -

1  Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain

2  accurate records pertaining to the total hours worked for Defendants by the members of the Wage

3  Statement Class, including but not limited to, beginning and ending of each work period, meal

4  period and split shift interval, the total daily hours worked, and the total hours worked per pay

5  period and applicable rates of pay.

6       137.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a

7  result of Defendants' failure to maintain accurate records for the members of the Wage Statement

8  Class in that the members of the Wage Statement Class were not timely provided written accurate

9  itemized statements showing all requisite information, such that the members of the Wage

10  Statement Class were misled by Defendants as to the correct information regarding various items,

11  including but not limited to total hours worked by the employee, net wages earned and all

12  applicable hourly rates in effect during the pay period and the corresponding number of hours

13  worked at each hourly rate.

14       138.    Pursuant to Labor Code section 226, and in light of Defendants' violations

15  addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up

16  to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**TENTH CAUSE OF ACTION**

**<u>VIOLATION OF THE UNFAIR COMPETITION LAW</u>**

**By Plaintiff and Class Against All Defendants**

20       139.    Plaintiff incorporates by reference and realleges each and every allegation contained

21  above, as though fully set forth herein.

22       140.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

23  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

24  general public. Plaintiff also seeks to enforce important rights affecting the public interest within

25  the meaning of the California <u>Code of Civil Procedure</u> § 1021.5.

26       141.    Defendants' policies, activities, and actions as alleged herein are violations of

27  California law and constitute unlawful business acts and practices in violation of California

28  <u>Business and Professions Code</u> §§ 17200, *et seq.*

142. A violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

143. The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action. By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates <u>Labor Code</u> § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

144. Plaintiff and the Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

145. Pursuant to California <u>Business and Professions Code</u> §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California <u>Code of Civil Procedure</u> §1021.5; interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representatives of the Subclasses; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay minimum wages)

1.     For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to pay overtime)

1.     For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

COMPLAINT

1    (Failure to Authorize and Permit Lawful Rest Periods)

2    1.    For one (1) hour of premium pay for each day in which a required rest period was

3    not lawfully authorized and permitted; and

4    2.    For reasonable attorneys' fees and costs pursuant to statute; and

5    3.    For such other and further relief as the Court deems proper.

6    **On the Fifth Cause of Action**

7    (Failure to Timely Pay Wages Due and Payable During Employment)

8    1.    For unpaid wages;

9    2.    For penalties pursuant to Labor Code § 210 and 25% of the amount of wages

10    unlawfully withheld;

11    3.    For interest;

12    4.    For reasonable attorneys' fees and costs pursuant to statute; and

13    5.    For such other and further relief as the Court deems proper.

14    **On the Sixth Cause of Action**

15    (Failure to Timely Pay Wages At Separation)

16    6.    For unpaid wages;

17    7.    For penalties pursuant to Labor Code § 203;

18    8.    For interest;

19    9.    For reasonable attorneys' fees and costs pursuant to statute; and

20    10.    For such other and further relief as the Court deems proper.

21    **On the Seventh Cause of Action**

22    (Failure to Reimburse Necessary Expenses)

23    1.    For unreimbursed sums;

24    2.    For reasonable attorneys' fees and costs pursuant to statute;

25    3.    For interest; and

26    4.    For such other and further relief as the Court deems proper.

27

28    **On the Eighth Cause of Action**

- 29 -
COMPLAINT

(Failure to Pay Reporting Time Wages)

1.      For unpaid wages;

2.      For reasonable attorneys' fees and costs pursuant to statute;

3.      For interest; and

4.      For such other and further relief as the Court deems proper.

**On the Ninth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.      For statutory penalties, including penalties pursuant to Labor Code section 226;

2.      For reasonable attorneys' fees and costs; and

3.      For such other and further relief as the Court deems proper;

**On the Tenth Cause of Action**

(Violation of the Unfair Competition Law)

1.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay minimum, overtime and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.      For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.      For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

1    Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this
2    matter to the fullest extent available under the law.

3
4                          Respectfully submitted,

5
6
7    Dated:   January 28, 2022                    _____
8                                                 JAMES HAWKINS, APLC
9                                                 James R. Hawkins, Esq.
                                                  Christina M. Lucio, Esq.
10                                                Attorneys for LOUIS C BERREYES, on behalf of himself
11                                                and all others similarly situated
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br>JAMES HAWKINS APLC<br>James R. Hawkins, SBN 192925<br>Christina M. Lucio, SBN253677<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br><br>Attorney for:  Louis C Berreyes | *FOR COURT USE ONLY*<br><br>Electronically Filed<br>1/28/2022 2:21 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Maleia Juan, Deputy |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
  Street Address:    City Towers Bldg., 801 10th St, 4th Floor,  Modesto, CA 95354
  Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354

**Plaintiff/Petitioner:**    Louis C Berreyes
**Defendant/Respondent:** Southern California Gas Company

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER<br>CV-22-000343 |
|---|---|

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:
              Hearing: 5/31/2022 3:00 PM
              Date:_____Time:_____AM/PM
This case is assigned to Judge _____Mayne, John R_____, Dept ___Dept. 21___, for all purposes,
including trial.

              *Departments 21 & 22 are located at 801 10th Floor, 6th Floor, Modesto, CA 95354

              *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

              **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
              ...........................................................................................................................................................
              **You have 30 calendar days to file a written response with this court after the legal papers and the summons
              were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days**
before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management
conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

    a. An order establishing a discovery schedule.

    b. An order referring the case to arbitration.

    c. An order dismissing fictitious defendants.

    d. An order scheduling exchange of expert witness information.

    e. An order setting subsequent conferences and the trial date.

    f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  1/28/2022 2:21 PM          by _____ ~~Maleia Juan~~ Deputy Clerk

CV003
Mandatory
Form

| **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case<br>management conference or participate effectively in the conference, the court may impose<br>sanctions (including dismissal of the case, striking of the answer, and payment of money). |
|---|

11/10

## Rule 3.110.  Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

MAR 3 0 2022

EXHIBIT C

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 800<br>Irvine, CA 92618<br>  Telephone No:  (949) 387-7200<br>  Attorney For:  Plaintiff | Electronically Filed<br>4/1/2022<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Michelle Woerner, Deputy |

| | *Ref. No. or File No.:*<br>SOUTHERN CA GAS |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF STANISLAUS

*Plaintiff:*  LOUIS C BERREYES, individually and on behalf of himself and all others
           similarly situated
*Defendant:*  SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation

| **PROOF OF SERVICE<br>SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV-22-000343 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Complaint; Civil Case Cover Sheet; Notice Of Case Management Conference

3.  *a.*  *Party served:*      SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation
    *b.*  *Person served:*   Sara Clemens, Manager, Corporate Creations Network, Inc., Registered Agent

4.  *Address where the party was served:*   4640 Admiralty Way 5th Floor, Marina Del Rey, CA 90292

5.  *I served the party:*

    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
                       service of process for the party (1) on *(date)*: Wed, Mar 30 2022 (2) at *(time)*: 01:30 PM

    (1)  [ X ]  (business)
    (2)  [   ]  (home)
    (3)  [   ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [   ]  as an individual defendant.
    b.  [   ]  as the person sued under the fictitious name of *(specify)*:
    c.  [   ]  as occupant.
    d.  [ X ]  On behalf of *(specify)*:  SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation
             under the following Code of Civil Procedure section:

| | |
|---|---|
| [ X ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| [   ] other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*6882760*
*(11766852)*
Page 1 of 2

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| James R. Hawkins, Esq. (SBN 192925)<br>JAMES HAWKINS, APLC<br>9880 Research Drive, Suite 800<br>Irvine, CA 92618<br>  Telephone No:  (949) 387-7200<br><br>  Attorney For:  Plaintiff | |

| Ref. No. or File No.:<br>SOUTHERN CA GAS |
|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF STANISLAUS

Plaintiff: LOUIS C BERREYES, individually and on behalf of himself and all others
          similarly situated
Defendant: SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV-22-000343 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:                Leon Moore
   b.  Address:             **FIRST LEGAL**
                            600 W. Santa Ana Blvd., Ste. 101
                            SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee** for service was:   $188.36
   e.  I am:
       (1) ☐  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☒  a registered California process server:
            (i)   ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No:   4303
            (iii) County:   Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

03/31/2022
_____                    _____
        *(Date)*                                   Leon Moore



PROOF OF
SERVICE
SUMMONS

EXHIBIT D

1
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
2
  Including Professional Corporations
DANIEL J. McQUEEN, Cal. Bar No. 217498
3
RICHARD B. AZADA, Cal. Bar No. 306030
333 South Hope Street, 43rd Floor
4
Los Angeles, California  90071-1422
Telephone:    213.620.1780
5
Facsimile:    213.620.1398
E mail         dmcqueen@sheppardmullin.com
6
              razada@sheppardmullin.com

7
Attorneys for Defendant
SOUTHERN CALIFORNIA GAS COMPANY
8

9
SUPERIOR COURT OF THE STATE OF CALIFORNIA

10
COUNTY OF STANISLAUS

11

| | |
|---|---|
| 12 LOUIS C BERREYES, individually and on behalf of himself and all others similarly 13 situated,<br><br>14        Plaintiff,<br><br>15    v.<br><br>16 SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation, and 17 DOES 1-50, inclusive,<br><br>18       Defendants. | Case No. CV-22-000343<br><br>Assigned for All Purposes to:<br>Hon. John R. Mayne, Dept. 21<br><br>**DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:    January 28, 2022<br>Trial Date:       None set |

19

20
     Defendant Southern California Gas Company hereby answers Plaintiff Louis C Berreyes'

21
unverified Complaint as follows:

22
<u>**GENERAL DENIAL**</u>

23
     Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and

24
every allegation of Plaintiff's unverified Complaint.  Defendant further denies, generally and

25
specifically, that Plaintiff, or any member of the putative class, has been damaged in the amount

26
alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on

27
the part of Defendant, or on the part of any of Defendant's agents, servants, employees,

28
representatives or any other person or entity for whose acts Defendant is responsible.

-1-

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses to the Complaint and to the purported causes of action asserted against Defendant, and without conceding it bears the burden of proof as to any of such defenses or admitting any of the allegations in the Complaint, Defendant alleges as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1.    The Complaint, and each and every purported cause of action alleged therein, fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.    The Complaint, and each purported cause of action alleged therein, are barred by applicable statutes of limitations, including but not limited to Code of Civil Procedure Sections 337, 338, 339, 340, and 343; Business and Professions Code Section 17208; and Labor Code Section 2699, *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

3.    Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each and every claim therein, are barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims are barred for the reason that, by his actions, Plaintiff is estopped from bringing any cause of action.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

5.      Defendant is informed and believes, and based upon such information and belief alleges, that by his conduct, Plaintiff has waived some or all of the causes of action asserted in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(Consent)

6.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims against Defendant are barred, in whole or in part, because any alleged actions made by Defendant were consented to by Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

7.      Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

(Civil Penalties Unconstitutional – Due Process)

8.      The penalties sought in Plaintiff's Complaint violate the Due Process Clauses of the United States and California Constitutions.

**NINTH AFFIRMATIVE DEFENSE**

(*De Minimis* Activities)

9.     Time that Plaintiff or the putative class members worked for which they were not compensated, if any, was *de minimis* and therefore not compensable.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Comply With Employer Instructions)

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all the directions of his employer concerning the services for which he was engaged. (Lab. Code § 2856).

**ELEVENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

11.     The Complaint, and each and every purported cause of action alleged therein, are subject to setoff, offset and/or recoupment to the extent that Plaintiff or the putative class members and/or allegedly aggrieved employees have already been compensated for the hours worked for which they seek compensation.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Willful Violation)

12.     Plaintiff's claims, or parts thereof, are barred because Plaintiff is not entitled to any penalty award under section 203 of the Labor Code since, at all times relevant and material herein, Defendant did not knowingly and intentionally fail to comply with the compensation provisions of Labor Code sections 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing it did not violate the provisions of the Labor Code or the applicable Industrial Welfare Commission Wage Order.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

(Labor Management Relations Act Preemption)

3       13.    Some or all of Plaintiff's and/or the putative class members' claims are barred and/or

4   preempted by the Labor Management Relations Act.

5

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

(National Labor Relations Act Preemption)

8       14.    Defendant is informed and believes, and based upon such information and belief

9   alleges, that Plaintiff's Complaint and some or all of the causes of action contained therein are

10  preempted by the National Labor Relations Act, which vests jurisdiction over some or all of the

11  causes of action with the National Labor Relations Board.

12

13

## FIFTEENTH AFFIRMATIVE DEFENSE

14

(Failure to Exhaust Under Collective Bargaining Agreement)

15      15.    The Complaint and each cause of action therein are barred because Plaintiff has

16  failed to exhaust the contractual remedies and internal grievance procedures set forth in the

17  applicable collective bargaining agreements.

18

19

## SIXTEENTH AFFIRMATIVE DEFENSE

20

(Failure to Arbitrate)

21      16.    The Complaint and each cause of action therein are barred because the controversies

22  alleged in the Complaint and in each cause of action therein are subject to one or more written

23  agreements to arbitrate, including agreements found in relevant collective bargaining agreements.

24

25

## SEVENTEENTH AFFIRMATIVE DEFENSE

26

(Misrepresentation)

27      17.    Plaintiff's claims are barred, in whole or in part, because in doing the things alleged

28  in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff and the putative

class members, including but not limited to misrepresentations regarding meal breaks, rest breaks, and hours worked.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Detrimental Reliance)

18.     Plaintiff and/or members of the putative class are barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on representations made by Plaintiff and/or members of the putative class in taking actions alleged in the Complaint and/or Defendant took such actions, if any, because Plaintiff and/or members of the putative class failed to notify Defendant of necessary information and/or deliberately prevented Defendant from acquiring knowledge of such information.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Overtime Exemption)

19.     Plaintiff and/or members of the putative class are barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on a lawful overtime exemption, including but not limited to those set forth in Labor Code sections 511 and/or 514.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Meal Period Exemption)

20.     Plaintiff and/or members of the putative class are barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on a lawful meal period exemption, including but not limited to that set forth in Labor Code section 512.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Improper Venue)

21.    Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been brought in an improper venue.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend its General Denial and Affirmative Defenses to assert any such defense.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff be granted no relief in this action against Defendant;

2.    That judgment be rendered in favor of Defendant and against Plaintiff on each and every cause of action alleged in the Complaint;

3.    That Defendant recover its reasonable attorneys' fees incurred herein, pursuant to Labor Code section 218.5, and any other applicable law; and

4.    For such other and further relief as this Court deems just and proper.

Dated:  April 19, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

DANIEL J. McQUEEN
RICHARD B. AZADA
Attorneys for Defendant
SOUTHERN CALIFORNIA GAS COMPANY

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

4

5

On April 19, 2022, I served true copies of the following document(s) described as **DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

6

7

**SEE ATTACHED SERVICE LIST**

8

James R. Hawkins                                   Attorneys for Plaintiff LOUIS C
Christina M. Lucio                                  BERREYES
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

9

10

11

12

13

14

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

15

16

17

18

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ccoblentz@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

Executed on April 19, 2022, at Los Angeles, California.

23

24

25

_____
CYNTHIA I. COBLENTZ

26

27

28

-8-

DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT E

| | |
|---|---|
| **From:** | Richard Azada |
| **To:** | Christina Lucio |
| **Cc:** | James Hawkins; Daniel McQueen |
| **Subject:** | RE: Louis C. Berreyes v. Southern California Gas Company |
| **Date:** | Monday, April 11, 2022 9:10:02 AM |

Good morning Counsel,

Thanks for the response.  SCGC will remove the case to the United States District Court and request for an immediate venue transfer to the Central District.  Please let me know if you would like to discuss further.

Regards,

**Richard B. Azada**
+1 213-617-4137 | direct
RAzada@sheppardmullin.com | Bio

**Sheppard**Mullin
333 South Hope Street, 43rd Floor
Los Angeles,  CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Christina Lucio <christina@jameshawkinsaplc.com>
**Sent:** Sunday, April 10, 2022 8:10 PM
**To:** Richard Azada <RAzada@sheppardmullin.com>; Daniel McQueen
<DMcQueen@sheppardmullin.com>
**Cc:** James Hawkins <james@jameshawkinsaplc.com>; Joanne Gonzalez
<JGonzalez@sheppardmullin.com>
**Subject:** Re: Louis C. Berreyes v. Southern California Gas Company

Counsel,

Thank you for the correspondence.  We will stipulate to the transfer.  Do you have a draft stipulation to transfer that you would like to use?  Alternatively, we will circulate one later this week.  Please let me know.

--
Christina Lucio
**James Hawkins APLC**
9880 Research Dr., Suite 200
Irvine, California 92618

Office Tel:  (949) 387-7200
Direct Fax: (949) 387-6676

Christina@Jameshawkinsaplc.com


This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

---

**From:** Joanne Gonzalez <JGonzalez@sheppardmullin.com>
**Date:** Tuesday, April 5, 2022 at 9:53 AM
**To:** James Hawkins <james@jameshawkinsaplc.com>, Christina Lucio <christina@jameshawkinsaplc.com>
**Cc:** Daniel McQueen <DMcQueen@sheppardmullin.com>, Richard Azada <RAzada@sheppardmullin.com>
**Subject:** Louis C. Berreyes v. Southern California Gas Company

Counsel,

Please see the attached correspondence sent on behalf of Daniel McQueen.

Thank you,

**Joanne Gonzalez** | Legal Secretary
+1 213-617-4214 | direct
JGonzalez@sheppardmullin.com


**Sheppard**Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On April 19, 2022, I served true copies of the following document(s) described as **DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION); REQUEST FOR TRANSFER OF VENUE TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| James R. Hawkins | Attorneys for Plaintiff |
| Christina M. Lucio | LOUIS C BERREYES |
| JAMES HAWKINS APLC | |
| 9880 Research Drive, Suite 200 | |
| Irvine, California 92618 | |
| Telephone: (949) 387-7200 | |
| Facsimile: (949) 387-6676 | |
| James@Jameshawkinsaplc.com | |
| Christina@Jameshawkinsaplc.com | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ccoblentz@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 19, 2022, at Los Angeles, California.

CYNTHIA I. COBLENTZ

-10-

NOTICE OF REMOVAL AND REQUEST FOR
TRANSFER OF VENUE TO CENTRAL DISTRICT